## Department of Public Assistance v. Marley

*David Wachtel*, for plaintiff.

*Joseph Neumann Smith*, for defendant.

WINNET, J., August 19, 1942.—The Commonwealth seeks to recover from defendant the sums given to her by the Department of Public Assistance for her three dependent minor children. The stipulated facts, upon which a finding for the Commonwealth was made, state that John Marley, the husband of defendant, is dead. Defendant applied for assistance for herself and her dependent children under the Public Assistance Law of June 24, 1937, P. L. 2051, 62 PS §2501, and received, during the period from July 1937 to March 1940 the sum of $1,028.30. During this period defendant owned real estate, and the Commonwealth contended, under The Support Law of June 24, 1937, P. L. 2045, sec. 4, 62 PS §1974, this property, through a judgment against defendant, should be charged for the assistance granted. Defendant contended that the assistance, although paid to defendant, was granted to the minors, who were the indigents, and only they

and their property could be made liable for reimbursement.

Although the stipulation states that the assistance was granted for defendant and her three dependent minor children, we nevertheless consider the grant as one for the minors since it was made as aid for "dependent children" under section 9(a) of the Public Assistance Law, 62 PS §2509(a).

As a practical necessity such remittances are made to the mother, as was done in this case. She received them as a quasi-trustee for her dependent children: Reiver's Estate, 343 Pa. 137.

The Commonwealth, although seeking a judgment, is primarily attempting to charge property of an indigent under section 4 of The Support Law (62 PS §1974), which makes property of indigent persons liable for expenses incurred for support and assistance. The allegation in the statement of claim is that defendant owned real estate during the period the assistance was received. The question resolves itself into a determination of who were the indigents—the mother or the children. The answer is in the grant itself—it was given as aid to dependent children, as provided in section 9(a) of the Public Assistance Law. It follows, therefore, that they were the indigents and only their property could be charged. In Reiver's Estate, supra, the minor's estate resisted an attempt to charge it for assistance given by the Commonwealth on the ground that the obligation was the parents'. The Supreme Court, however, held that, since the grant was for the minor, his estate and not the mother's was liable for reimbursement. This clearly indicates that only the property of the indigent who receives the assistance is to be charged with the obligation to reimburse the Commonwealth: Department of Public Assistance v. Grimplin, 44 D. & C. 456.

The Commonwealth has argued that under The Support Law the obligation to support the children, the

father being dead, rested on defendant, the mother, who should now be compelled to make restitution to the Commonwealth, which discharged her lawful duty, citing section 76, A. L. I. Restatement of Restitution. The obligation of a beneficiary to repay the State for its assistance is not in question. It is well founded in the common law: Waits' Estate, 336 Pa. 151, 156. The attempt here, however, is not to make the beneficiary pay, but one who owed a duty to the beneficiary. That duty is set forth in section 3 of The Support Law, 62 PS §1973(a):

"The husband, wife, child, father, mother, grandparent and grandchild of every indigent person shall, *if of sufficient financial ability*, care for and maintain, or financially assist, such indigent person. . . ." (Italics supplied.)

Before the Commonwealth can recover from a person charged with the duty of supporting an indigent person it must allege and prove sufficient financial ability. There was neither allegation nor proof that defendant had such ability. The mere allegation that defendant owns a piece of real estate, the house in which she lives with her children, does not carry an inference that she has sufficient financial ability to maintain her dependent children in "a decent and healthful standard of living" which is the object of the Public Assistance Law. See Department of Public Assistance v. Mooney, 40 D. & C. 374, 376.

The finding for plaintiff was therefore erroneous. Since the allegation is that the assistance was for defendant and her three dependent children a new trial should be granted with leave to plaintiff to file a supplemental statement of claim to allege what assistance defendant herself received. To the extent of such assistance her real estate would be liable for repayment to the Commonwealth.

A new trial is granted.